1  Harris I. Steinberg (State Bar No. 89288)
   Craig A. Miller (State Bar No. 116030)
2  LEVINE, STEINBERG, MILLER & HUVER
   550 West C Street, Suite 1810
3  San Diego, California 92101-8596
   (619) 231-9449
4
   Attorneys for Plaintiffs

FILED
07 OCT 16 AM 11:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16062 SOUTHWEST FREEWAY, LLC and GARY L. GREENBERG, on Behalf of All Others Similarly Situated, and on Behalf of the Class,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL COMMERCIAL FUNDING, LLC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 07CV 1998 DMS (AJB)<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED UPON:<br><br>(1) Unlawful Business Acts and Practices in Violation of Bus. & Prof. C. §§17200 and 17500, et seq.;<br><br>(2) Unfair Business Acts and Practices in Violation of Bus. & Prof. C. §§17200 and 17500, et seq.;<br><br>(3) Fraudulent Business Acts and Practices in Violation of Bus. & Prof. C. §§17200 and 17500, et seq.;<br><br>(4) False Advertising in Violation of Bus. & Prof. C. §§17200 and 17500, et seq.; and<br><br>(5) Unjust Enrichment;<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated, hereby allege as follows:

///

Complaint for Damages

## JURISDICTION AND VENUE

1. Under the Class Action Fairness Act of 2005, this Court has original jurisdiction of this matter because the amount in controversy exceeds the requisite jurisdictional amount, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this Court because at all times relevant:

(a) Plaintiff 16062 SOUTHWEST FREEWAY maintained its principal place of business in San Diego County, California;

(b) Plaintiff GREENBERG resided in San Diego County, California;

(c) Plaintiff 16062 SOUTHWEST FREEWAY obtained the loan which serves as the subject matter of this lawsuit in San Diego County, California;

(d) Plaintiff GREENBERG personally guaranteed the subject loan in San Diego County, California;

(e) A substantial portion of the practices complained of herein occurred in San Diego County, California, including defendant PRINCIPAL COMMERCIAL FUNDING's (PCF) marketing of the subject loan; and

(f) Defendant PCF has received substantial compensation as a result of its practices complained of in San Diego County, California.

## PARTIES

3. Plaintiff 16062 SOUTHWEST FREEWAY is a limited liability company, which has, at all times relevant to this action, maintained its principal place of business in the County of San Diego and State of California.

4. Plaintiff GARY L. GREENBERG is an individual who has, at all times relevant to this action, resided in the County of San Diego and the State of California.

5. Defendant PCF has been, at all times relevant to the action, a Delaware limited liability company licensed to transact and actually transacting

1  business in the State of California.

2      6.    The true names and capacities of defendants sued herein as Does
3  1 through 10, inclusive, are presently unknown to plaintiffs, who therefore sue
4  the defendants by such fictitious names. Plaintiffs will seek to amend this
5  complaint and include Doe defendants' true names and capacities when they are
6  ascertained. Each of the fictitiously named defendants are responsible in some
7  manner for the conduct alleged herein and therefore the damages suffered by
8  plaintiffs and the Class.

9      7.    In committing the wrongful acts alleged herein, defendants have
10 pursued a common course of conduct, acted in concert with, aided and abetted
11 and conspired, in furtherance of their common plan, scheme or design. Each of
12 these defendants actually knew, or should have known, of the wrongful conduct
13 being committed and actively participated in covering up its true nature. Thus,
14 in addition to the wrongful conduct herein alleged as giving rise to primary
15 liability, defendants further aided and abetted and knowingly assisted each other
16 in breach of their respective duties, contracts and obligations as herein alleged,
17 and acted as the agent of each other in participating in this wrongdoing.

18     8.    Each and every defendant was an agent and/or employee of each
19 and every other defendant. In doing the acts alleged in the claims for relief
20 alleged herein, each and every defendant was acting within the course and
21 scope of this agency or employment, and was acting with the consent,
22 permission and authorization of each of the remaining defendants. All actions
23 of each defendant as alleged in the claims for relief stated herein were ratified and
24 approved by every other defendant or their officers or managing agents.

25     <u>NATURE OF ACTION</u>

26     9.    Defendant PCF is in the business of originating, securitizing and
27 servicing commercial real estate loans. PCF has committed acts of unfair
28 competition, as defined by Business and Professions Code section 17200, et

seq., by (1) utilizing a method of interest calculation that systematically and deliberately charges its borrowers interest over the course of a calendar year in excess of stated annual and per annum rates; and (2) misleading its borrowers by representing that its loans would fully amortize over a set period of years when, in fact, a substantial balance would still be owed after the amortized period which defendants did not disclose. More particularly, PCF computes yearly interest rates by dividing the quoted annual interest rate by 360 and multiplying the result by 365. This practice, which is known as the "365/360 method" results in an effective interest rate that exceeds the stated per annum or annual interest rate and an amortization period that is longer than that represented by the defendant. Defendants had no reason for computing yearly interest rates by the "365/360 method" other than to maximize their profits and deceive borrowers.

10. Plaintiffs are victims of PCF's unscrupulous business practices. On or about March 7, 2007, 16062 SOUTHWESTFREEWAY borrowed $2,7000.00 from PCF in connection with the refinance of a medical office building located at 16062 Southwest Freeway, Sugar Land, Texas. As a condition to PCF's agreement to make the loan, on or about March 7, 2007, PCF required GREENBERG to guarantee payment and the full, faithful and timely performance of any and all liabilities and obligations of the borrower. The loan was for a 10 year term, amortized over 30 years, at a 6% annual interest rate. The secured promissory note executed by 16062 SOUTHWESTFREEWAY and guaranteed by GREENBERG also quotes an interest rate of 6% per annum. Contrary to these representations, and based on defendant's misleading practice of actually computing the interest rate on the basis of a 360 day year, defendant has charged and continues to charge an interest rate exceeding 6% per annum and, at the end of 30 years, plaintiffs' loan would not be fully amortized. Rather, plaintiffs would still owe PCF approximately $142,000.00, and the effective

interest rate would be in excess of the agreed 6% interest rate.

## CLASS ACTION ALLEGATIONS

11. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated. The Class which plaintiff represents is composed of the following:

> All consumers in the State of California who, within the last four years, obtained loans from PCF and were quoted per annum or annual interest rates which PCF computed on the basis of the 365/360 method, thereby generating interest in excess of the stated per annum or annual figure and/or extending the amortization period beyond that represented by defendant.

12. The Class is composed of at least hundreds of persons geographically dispersed throughout the state, the joinder of whom in one action is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

13. The Class is ascertainable and maintains a sufficient community of interest since the rights of each member of the Class were violated in a similar fashion based upon defendant's wrongful conduct as described, *supra*.

14. The victimized consumers can be identified in the databases maintained by defendant. More specifically, defendant must maintain databases that contain (a) the names and addresses of each of its borrowers; (b) the borrowers' amortization schedules; (c) quoted per annum or annual interest charged each of its borrowers; (d) the actual interest charged to each of its borrowers; and (e) the loan payments made by each of its borrowers. Thus the Class members can be located and notified with specificity in the pendency of this action using techniques and a form of notice customarily used in class action litigation.

15. Plaintiffs' claims are typical of the members of the Class as a whole because of the similarity, uniformity and common purpose of defendant's unlawful conduct. Each Class member has sustained injury as a result of

defendant's wrongful conduct in violation of state statutes, principles of common law, as well as general principles of equity and fair play.

16. Plaintiffs will fairly and adequately protect the members of the Class as they have retained competent counsel who are experienced in federal and state class action claims such as those asserted in this case.

17. A class action is superior to all other methods for the just, fair, and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, the damages suffered by individual Class members are not sufficient to justify the enormous cost associated with the prosecution of this type of litigation. The expense and burden posed by such individual litigation makes it impossible for the Class members to individually redress the wrongs done to them, nor would such an individual case be adequate to ensure that such practices cease to harm others. Further, there will be no difficulty in the management of this action as a class action.

18. Common questions of law and fact exist as to all members of the Class and these common issues predominate over any questions which go particularly to any individual member of the Class. Among such common questions of law and fact are the following:

    (a) Whether defendant, as a general business practice, routinely calculates the interest charged its borrowers using the 365/360 method;

    (b) Whether defendant's use of the 365/360 method results in the charging of effective interests rates higher than that quoted as annual or per annum rates;

    (c) Whether defendant misrepresented the periods of time in which its borrowers' loans would fully amortize;

    (d) Whether defendant's acts, as alleged herein, violate California statutes, principles of common law, and/or general principles

of equity and fair play;

(e) The amount of defendant's monetary windfall as a result of its wrongful conduct;

(f) The proper measure of restitution due the Class Members as a result of the defendant's wrongful conduct; and

(g) Whether defendant's conduct is ongoing, and if so, whether injunctive relief is warranted.

## FIRST CAUSE OF ACTION

("UNLAWFUL" Business Acts and Practices in Violation of
California Business and Professions Code §17200
on Behalf of Plaintiffs and the Class)

19. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 18 of this Complaint.

20. Section 17200 of the California Business and Professions Code prohibits "unlawful" business practices and proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." People v. McKale (1975) 25 Cal.3d 626, 634; Barquis v. Merchants Collection Ass'n (1972) 7 Cal.3d 94, 113.

21. The policies, acts, and practices alleged herein violate the following statutes/laws, and consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200:

(a) Defendant engaged in unfair trade practices; Fletcher v. Security Pacific National Bank 23 Cal.3d 442 (1979);

(b) Defendant made fraudulent representations and promises within the Policy in violation of California Civil Code sections, 1572, 1573, 1709, and 1710;

(c) Defendant has received, and continues to receive, a benefit at the expense of plaintiffs and members of the Class in violation of law: Rotea v. Izuel (1939) 14 Cal.2d 605; and

22. The above-described acts conducted by defendant continue to this day and continue to present a threat to the members of the Class. Plaintiffs reserve the right to allege other violations of law which constitute unlawful business acts or practices.

23. As a result of the conduct described above, defendant has been and will be unjustly enriched at the expense of plaintiff and the members of the Class. Defendant received and continues to hold such monies belonging to plaintiff and the members of the Class.

24. Plaintiffs and the Class members, and the general public are, therefore, entitled to the relief available under Cal. Bus. & Prof. Code §§17200, *et seq.*, as detailed below.

## SECOND CAUSE OF ACTION

("**UNFAIR**" Business Acts and Practices in Violation of
California Business and Professions Code §17200
on Behalf of Plaintiffs and the Class)

25. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 23 of this Complaint.

26. Section 17200 of the California Business and Professions Code prohibits "unfair" business practices.

27. By engaging in the acts and omissions set forth in this complaint, defendant engaged in "unfair" business practices, and hence, violated Business and Professions Code Section17200's proscription against engaging in unfair business practices. The harm to the plaintiffs and the members of the Class outweigh the utility of defendant's business policies and/or practices as described herein and, consequently, defendant's business policies and/or practices as described herein constitute unfair business acts or practices within the meaning of Section 17200 if the California Business and Professions Code. Further, defendant's conduct threatens incipient violations of consumer laws or violates the policy or spirit of such laws or otherwise significantly threatens or

1 | harms competition.

2 | 28. The above-described acts conducted by defendant continue to this day and present a threat to the members of the Class as described *supra*.

29. As a result of the conduct described above, defendant has been and will be unjustly enriched at the expense of plaintiffs and the members of the Class. Defendant received and continues to hold such monies belonging to plaintiffs and the members of the Class.

30. Plaintiffs and the Class are therefore, entitled to the relief available under Cal. Bus. & Prof. Code §§17200, *et seq.*, as detailed below.

### THIRD CAUSE OF ACTION

("FRAUDULENT" Business Acts and Practices in Violation of
California Business and Professions Code §17200
on Behalf of Plaintiffs and the Class)

31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 29 of this Complaint.

32. Section 17200 of the California Business and Professions Code prohibits "fraudulent" business practices. A business practice is fraudulent within the meaning of Section 17200 if "members of the public are likely to be deceived." Bank of the West v. Superior Court, (1992) 2 Cal.4th 1254, 1267; Committee on Children's Television v. General Foods Corp. (1983) 35 Cal.3d 197, 211.

33. Defendant's policies, acts and practices of described as described, *supra*, are likely to mislead the general public, and hence, violate Business and Professions Code Section 17200's proscription against engaging in a fraudulent business practices.

34. The above-described acts conducted by defendant continue to this day and present a threat to the members of the Class;

35. As a result of the conduct described above, defendant has been and will be unjustly enriched at the expense of plaintiff and the members of the Class.

1  Defendant received and continues to hold such monies belonging to plaintiff and
2  the members of the Class.
3      36. Plaintiffs and the Class members are, therefore, entitled to the relief
4  available under Cal. Bus. & Prof. Code §§17200, *et seq.*, as detailed below.

### FOURTH CAUSE OF ACTION

("UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" in Violation of California Business and Professions Code §17200 on Behalf of Plaintiffs and the Class)

    37. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 36 of this Complaint.

    38. Section 17200 of the California Business and Professions Code prohibits "unfair, deceptive, untrue or misleading advertising. Statements made in connection with the sale or goods or services constitutes "advertising." Advertising is unfair, deceptive, untrue or misleading within the meaning of Section 17200 if "members of the public are likely to be deceived." Committee on Children's Television v. General Foods Corp. (1983) 35 Cal.3d 197, 211.

    39. Defendant's policies, acts and practices of described as described, *supra,* constitute unfair, deceptive, untrue or misleading advertising.

    40. The above-described acts conducted by defendant continue to this day and present a threat to the members of the Class;

    41. As a result of the conduct described above, defendant has been and will be unjustly enriched at the expense of plaintiff and the members of the Class. Defendant received and continues to hold such monies belonging to plaintiff and the members of the Class.

    42. Plaintiffs and the Class members are, therefore, entitled to the relief available under Cal. Bus. & Prof. Code §§17200, *et seq.*, as detailed below.

### FIFTH CAUSE OF ACTION

(For Unjust Enrichment on Behalf of Plaintiffs and the Class)

    43. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42 of this Complaint.

44.   Defendant has wrongfully and/or deceptively charged and collected money in excess of quoted per annum or annual interest rates as described, *supra*. Accordingly, defendant has received benefits which it has unjustly retained at the expense of plaintiffs and members of the Class.

45.   As a direct and proximate result of defendant's unlawful acts and conduct, plaintiffs and members of the Class were deprived of the use of their money that was unlawfully charged and collected by defendant, and are therefore entitled to restoration of their monies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves and the members of the pray for judgment and relief against defendants as follows:

### As to the First through Fourth Causes of Action:

(a)   Pursuant to Cal. Bus. & Prof. Code §§17203 and 17535, and pursuant to the equitable powers of this court, plaintiff and the members of the Class seek an order of this Court ordering defendants to immediately cease all acts of unfair competition and enjoin defendants from continuing to conduct business via the unlawful, unfair, or fraudulent business acts or practices as particularized herein;

(b)   An order requiring defendants to effect and pay the costs of restoring the rights and benefits owing to plaintiff and other members of the Class under the agreements which are the subject of this action and a corrective advertising campaign;

(c)   Pursuant to Cal. Bus. & Prof. Code §§17203 and 17535, and pursuant to the equitable powers of this court, plaintiff also requests an order requiring defendants to identify all Class members and pay restitution to plaintiffs and all members of the Class so as to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, in violation of applicable laws, statutes, or regulations

1 | or constituting unfair competition or untrue or misleading advertising;

2 | (d) For *cy pres* relief of any restitution for which the injured class member cannot be located; and

3 | (e) Attorneys' fees pursuant to Code of Civil Procedure Section 1021.5.

### As to the Sixth Cause of Action:

(a) An order requiring defendants to effect and pay the costs of restoring the rights and benefits owing to plaintiff and other members of the Class under the agreements which are the subject of this action and a corrective advertising campaign;

### As to all Causes of Action:

An order certifying that the action be maintained as a class action;

(a) An order preliminarily and/or permanently enjoining defendant from pursuing the policies, acts, and practices complained of herein; and/or

(b) Restitution as may be provided for by equity and/or by statute;

(c) Reasonable attorneys' fees and costs of suit, as applicable;

(d) Pre- and post-judgment interest; and

(e) Such other and further relief as this Court may deem necessary, proper and/or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

Dated: October 15, 2007

Law Offices of

LEVINE, STEINBERG, MILLER & HUVER

By: _____
Harris I. Steinberg
Craig A. Miller
Counsel for Plaintiffs

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
16062 Southwest Freeway, LLC and Gary L. Greenberg

**DEFENDANTS**
Principal Commercial Funding, LLC

FILED
07 OCT 16 AM 11:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Levine Steinberg Miller & Huver, APC
550 West C Street, Suite 1810
San Diego, CA 92101
619-231-9449

ATTORNEYS (IF KNOWN)

'07 CV 1998 DMS (AJB)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. 1332 / Unlawful Business Practice §§17200 and 17500, et seq, Business & Professions code.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE N/A    Docket Number

DATE 10-16-07    SIGNATURE OF ATTORNEY OF RECORD

#143544  $350  1/0  10/10/07
::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 143544    - KD
       * * C O P Y * *
       October 16, 2007
            11:19:57


       Civ Fil Non-Pris
USAO #.: 07CV1998
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: BC 20068



       Total-> $350.00


FROM: CIVIL FILING
      16062 SOTHWEST FREEWAY, LLC, E
      V. PRINC. COMM. FUNDING, LLC
```