MARK J. HATTAM (BAR NO. 173667)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: mhattam@allenmatkins.com
mholmes@allenmatkins.com

Attorneys for Defendant
PRINCIPAL COMMERCIAL FUNDING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

16062 SOUTHWEST FREEWAY, LLC and GARY L. GREENBERG, On Behalf of All Others Similarly Situated, and on Behalf of the Class,

Plaintiffs,

v.

PRINCIPAL COMMERCIAL FUNDING, LLC, and DOES 1 through 10, inclusive,

Defendants.

Case No. 07 CV 1998 DMS (AJB)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRINCIPAL COMMERCIAL FUNDING, LLC'S MOTION TO DISMISS**

Date: January 11, 2008
Time: 1:30 p.m.

Judge: Dana M. Sabraw
Ctrm: 10

# TABLE OF AUTHORITIES

**Page(s)**


I. INTRODUCTION .......... 1

II. PERTINENT FACTS ALLEGED .......... 2

III. STANDARDS FOR MOTIONS TO DISMISS .......... 3

A. Grounds For Motion Pursuant To Rule 12(b)(6) .......... 3

B. Documents Not Attached To Or Expressly Alleged By The Complaint .......... 3

IV. ALL CAUSES OF ACTION ALLEGED BY PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED BECAUSE THEY ARE DIRECTLY CONTRADICTED BY THE PROMISSORY NOTE UPON WHICH THEY RELY .......... 4

V. THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION FOR VIOLATION OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED BECAUSE (1) TEXAS LAW GOVERNS THE PARTIES' AGREEMENTS, AND (2) THE INTEREST CALCULATION METHOD PROVIDED FOR IN THE PROMISSORY NOTE IS LAWFUL UNDER TEXAS LAW .......... 5

VI. THE FIFTH CAUSE OF ACTION FOR "UNJUST ENRICHMENT" FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE NO IMPLIED CONTRACT EXISTS .......... 6

VII. ALL CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED TO THE PUTATIVE CLASS BECAUSE PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW .......... 7

VIII. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Burlington Northern Railroad Co. v. Southwestern Electric Power Co.*, 925 S.W.2d 92 (Tex. App. 1996) ..... 6

*Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1987) ..... 3

*Easter v. American West Financial*, 381 F.3d 948 (9th Cir. 2004) ..... 7

*First American Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564 (2007) ..... 8

*General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982) ..... 7

*In re Stac Electronics Securities Litigation*, 89 F.3d 1399 (9th Cir. 1996) ..... 3, 4

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ..... 3

*La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973) ..... 8

*Lawler v. Lomas & Nettleton Mortgage Investors*, 691 S.W.2d 593 (Tex. 1985) ..... 4, 5

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) ..... 1, 7, 8

*Lone Star Steel Co. v. Scott*, 759 S.W.2d 144 (Tex. App. 1988) ..... 6

*Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392 (9th Cir. 1996) ..... 7

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ..... 2, 3, 4

*Rent America, Inc. v. Amarillo National Bank*, 785 S.W.2d 190 (Tex. App. 1990) ..... 5

*Schlesinger v. Reservists Committee To Stop The War*, 418 U.S. 208 (1974) ..... 7

*South Bay Chevrolet v. General Motors Acceptance Corporation*, 72 Cal. App. 4th 861 (1999) ..... 4, 5

*Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605 (1975) ..... 7

**Page(s)**

**Statutes**

Cal. Bus. & Prof. Code § 17200 .......... 5

Cal. Bus. & Prof. Code § 17500 .......... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 3

**Treatises**

Schwarzer, Tashima &Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 10:348, p. 10-57 (The Rutter Group 2007) .......... 7

# I. INTRODUCTION

The Complaint filed by Plaintiffs 16062 Southwest Freeway, LLC ("Southwest Freeway") and Gary L. Greenberg ("Greenberg") (collectively, "Plaintiffs") alleges that Defendant Principal Commercial Funding, LLC ("PCF") violated California Business and Professions Code sections 17200 and 17500, *et seq.* and that PCF was unjustly enriched under the parties' loan agreement by failing to disclose an interest calculation method based on a 360-day year.

However, Plaintiffs' claims are belied by the very promissory note alleged in the Complaint. Although Plaintiffs do not attach the promissory note or any of the other loan documents to the Complaint (in a transparent attempt to hide the obvious and indisputable disclosures regarding the interest calculation), PCF attaches these documents to the accompanying Lodgment of Exhibits ("Lodgment" or "Lodg.") in support of this Motion, as allowed by law (discussed *infra*). As the Court can see from the documents attached to the Lodgment, ***the very first page of the promissory note signed by Southwest Freeway and guaranteed by Greenberg expressly discloses the method for calculating interest using a 360-day year.*** Lodg., Ex. "A," p. 1, ¶ 1.

The loan documents further provide that the substantive law governing the parties' rights and obligations under the loan documents is ***Texas law***, which ***permits the calculation of interest using a 360-day year provided in the parties' promissory note***. Plaintiffs' first four claims under the California Business and Professions Code fail to state claims under Texas law, and they should therefore be dismissed.

The parties' loan documents also dispose of Plaintiffs' last cause of action for unjust enrichment, a claim rooted in an implied contract theory, which, under Texas law, cannot co-exist with the express promissory note signed by Southwest Freeway.

Without meritorious claims of their own, Plaintiffs cannot bring this action on behalf of the putative class. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). Accordingly, PCF respectfully requests that its motion be granted, and this action be dismissed in its entirety.

## II. PERTINENT FACTS ALLEGED

On or about March 7, 2007, Southwest Freeway borrowed $2,700,000 from PCF pursuant to a promissory note (the "Promissory Note") secured by a deed of trust (the "Deed of Trust"). ¶ 10.[1] Southwest Freeway borrowed the funds from PCF to refinance a medical office building located at 16062 Southwest Freeway, Sugar Land, Texas (the "Premises"). *Id.*

As a condition to PCF's agreement to make the loan, on or about March 7, 2007, PCF required Greenberg to guarantee payment and the full, faithful and timely performance of the Promissory Note (the "Guaranty"). *Id.*

Neither the Promissory Note, the Deed of Trust, nor the Guaranty are attached to the Complaint; however, all three documents are attached as Exhibits "A," "B," and "C," respectively, to the accompanying Lodgment. As discussed below, a court may consider such documents on a motion to dismiss even though those documents are not attached to the Complaint, without converting that motion into one for summary judgment, where the Complaint either alleges or is predicated upon such documents. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

The Promissory Note expressly provides that the method of calculating interest shall be based on a 360-day year, multiplied by the actual number of days elapsed:

> A payment of interest from the Closing Date to and including March 31, 2007 shall be paid on the Closing Date calculated by ***multiplying the actual number of days elapsed*** in the period for which interest is being calculated by a daily rate based on the foregoing annual interest rate ***and a 360-day year***. Thereafter, interest shall be computed on the unpaid balance by ***multiplying the actual number of days elapsed*** in the period for which interest is being calculated by a daily rate based on the annual interest rate set forth above ***and a 360-day year***.

Lodg., Ex. "A," p. 1, ¶ 1 (emphasis added). The Promissory Note, the Deed of Trust, and the Guaranty each provide that the parties' rights and obligations under them shall be governed by and construed in accordance with the laws of the state where the Premises is located (Texas), without regard to its conflict of law principles. Lodg., Exs. "A," p. 4, ¶ 8; "B," p. 32, ¶ 22.10; "C," p. 4, ¶ 10.

---

[1] All factual recitations are taken from the Complaint and, for purposes of this Motion only, are assumed to be true. Paragraph references (*e.g.*, "¶ 10") are taken from the Complaint.

Plaintiffs allege that PCF violated California Business and Professions Code sections 17200 and 17500, *et seq.*, by calculating interest on a 360-day year multiplied by the actual number of days elapsed, and failing to disclose that method of calculation. ¶¶ 9, 10, 18, 21, 27, 33, and 39. Plaintiffs also allege unjust enrichment against PCF based on PCF's purported deceptive interest charges in excess of those disclosed in the Promissory Note. ¶¶ 44-45.

## III. STANDARDS FOR MOTIONS TO DISMISS

### A. Grounds For Motion Pursuant To Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a cause of action that fails to state a claim upon which relief can be granted. A motion brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

### B. Documents Not Attached To Or Expressly Alleged By The Complaint

Courts ruling on motions to dismiss may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Further, courts may consider such documents on a motion to dismiss even though the content of those documents is not expressly alleged in the Complaint, where the plaintiff's claims depends on the content of such documents. *See Parrino*, 146 F.3d at 706; *Knievel*, 393 F.3d at 1076. In such cases, a defendant may attach the documents to a Rule 12(b)(6) motion without converting that motion into one for summary judgment. *Id.*; *Stac Electronics*, 89 F.3d at 1405 n.4. Here, Plaintiffs clearly allege a secured promissory note and a guaranty (¶ 10), so PCF is allowed to attach those documents to its opposition.

///

///

///

///

///

## IV. ALL CAUSES OF ACTION ALLEGED BY PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED BECAUSE THEY ARE DIRECTLY CONTRADICTED BY THE PROMISSORY NOTE UPON WHICH THEY RELY

Without attaching the Promissory Note or alleging all of the content thereof in their Complaint, Plaintiffs allege that PCF deceived them by failing to disclose that interest due under the Promissory Note was calculated on a 360-day year, multiplied by the actual number of days elapsed. ¶¶ 9, 10, 18, 21, 27, 33, 39 and 44. However, as can be seen by the plain language of the Promissory Note itself (attached as Exhibit "A" to the accompanying Lodgment), the Promissory Note *does* expressly disclose this method for calculating interest:

> A payment of interest from the Closing Date to and including March 31, 2007 shall be paid on the Closing Date calculated by ***multiplying the actual number of days elapsed*** in the period for which interest is being calculated by a daily rate based on the foregoing annual interest rate ***and a 360-day year***. Thereafter, interest shall be computed on the unpaid balance by ***multiplying the actual number of days elapsed*** in the period for which interest is being calculated by a daily rate based on the annual interest rate set forth above ***and a 360-day year***.

Lodg., Ex. "A," p. 1, ¶ 1 (emphasis added).[2]

The express language of the Promissory Note, therefore, directly contradicts the allegations contained in each of Plaintiffs' causes of action. Accordingly, each of Plaintiffs' causes of action fails to state a claim and should be dismissed. *See, e.g., Parrino*, 146 F.3d at 706 (holding that plaintiffs cannot survive Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based); *Stac Electronics*, 89 F.3d at 1405-09 (dismissing securities claims where prospectus showed actual disclosure).[3]

---

2 This method of calculating interest (sometimes referred to as the 365/360 method) is consistent with industry practice. *See South Bay Chevrolet v. General Motors Acceptance Corporation*, 72 Cal. App. 4th 861, 869 (1999); *Lawler v. Lomas & Nettleton Mortgage Investors*, 691 S.W.2d 593, 596-97 (Tex. 1985).

3 During the teleconference with the Court on November 20, 2007, regarding the issues contained in this motion, Plaintiffs' counsel vaguely argued that PCF did not expressly disclose the *affects* of the interest calculation, such as the amortization period. However, as discussed above, the interest calculation method under the loan is expressly disclosed in the Promissory Note, and any products based on that method of calculation are therefore also disclosed, since (especially with commercial loans like this one) they are calculable by the borrower.

**V. THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION FOR VIOLATION OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED BECAUSE (1) TEXAS LAW GOVERNS THE PARTIES' AGREEMENTS, AND (2) THE INTEREST CALCULATION METHOD PROVIDED FOR IN THE PROMISSORY NOTE IS LAWFUL UNDER TEXAS LAW**

In their First, Second, Third, and Fourth Causes of Action, Plaintiffs allege that PCF violated California Business and Professions Code sections 17200 and 17500, *et seq*. ¶¶ 9, 10, 18, 21, 27, 33, and 39.

However, the Promissory Note, the Deed of Trust, and the Guaranty each provide that they shall be governed by and construed in accordance with the laws of the state where the Premises is located, without regard to its conflict of law principles. Lodg., Exs. "A," p. 4, ¶ 8; "B," p. 32, ¶ 22.10; "C," p. 4, ¶ 10. As alleged by Plaintiffs in their Complaint, the Premises is located in Sugar Land, Texas. ¶ 10. Therefore, the substantive law governing this dispute is Texas law,[4] and Plaintiff's first four causes of action under the California Business and Professions Code fail to state claims under Texas law.[5]

Moreover, the interest calculation provided for in the Promissory Note is lawful under Texas law so long as it does not violate usury laws. *See, e.g., Lawler*, 691 S.W.2d at 596-97 (one of two notes using 365/360 interest calculation method was usurious, but the other note using same 365/360 method was enforceable because not usurious); *Rent America, Inc. v. Amarillo National Bank*, 785 S.W.2d 190, 195-96 (Tex. App. 1990) (promissory note using 365/360 method of calculating interest enforceable because not usurious). Plaintiffs' Complaint does not (and cannot) allege any usury claims against PCF. Texas law permits parties to agree to annual interest

---

4 Plaintiffs' counsel argued, during the November 20 teleconference with the Court, that the putative class members may have loans that are not governed by Texas law. However, as discussed in Section VII, below, such speculation does not save Plaintiffs' Complaint.

5 Although California substantive law is not applicable to the parties' loan documents, the interest calculation provided for in the Promissory Note is lawful under California law. *See South Bay Chevrolet*, 72 Cal. App. 4th at 870, 876-78, 881-82, 887-89 (interest calculation using 365/360 method agreed to in loan contract with sophisticated commercial borrower does not violate sections 17200 and 17500 of California Business and Professions Code).

rates up to 10%. Tex. Fin. Code Ann. § 302.001 (2006). Plaintiffs' Complaint merely alleges an effective annual interest rate exceeding 6% based on five (5) purported additional days of interest. ¶¶ 9-10.

Plaintiffs' first four causes of action must be dismissed.

## VI. THE FIFTH CAUSE OF ACTION FOR "UNJUST ENRICHMENT" FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE NO IMPLIED CONTRACT EXISTS

Under Texas law, unjust enrichment is a remedy based on implied contract, and implied contracts cannot co-exist with express contracts relating to the same subject matter. *Burlington Northern Railroad Co. v. Southwestern Electric Power Co.*, 925 S.W.2d 92, 97 (Tex. App. 1996); *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App. 1988).

> Recovery on either unjust enrichment or quantum meruit is recovery on a quasi-contract or a contract implied in law, and ***there can be no recovery on either if the same subject matter is covered by an express contract.***

*Lone Star*, 759 S.W.2d at 154 (emphasis added). In essence, when an express contract exists, the parties are bound by their express agreement and cannot circumvent it with implied contract remedies such as unjust enrichment.

> A remedy such as unjust enrichment that is based on quasi-contract or a contract implied in law is ***unavailable when a valid, express contract governing the subject matter of the dispute exists.***
>
> . . . .
>
> The fact that a party to a contract has made a profit is an insufficient ground on which to order restitution on a theory of unjust enrichment. [Citation.] The doctrine does not operate to rescue a party from the consequences of a bad bargain, and ***the enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract.*** [Citations.] Unjust enrichment is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall.

*Burlington*, 925 S.W.2d at 97 (emphasis added).

Plaintiffs allege in their Fifth Cause of Action that PCF should not be unjustly enriched, a claim rooted in an implied contract theory. *Id.* Plaintiffs' cause of action for unjust enrichment

should be dismissed because, as a matter of Texas law, Plaintiffs cannot recover on any (unalleged) implied contract supporting their cause of action for unjust enrichment pertaining to the same subject matter as the Promissory Note.[6]

**VII. <u>ALL CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED TO THE PUTATIVE CLASS BECAUSE PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW</u>**

During the November 20 teleconference with the Court regarding the issues contained in this motion, Plaintiffs' counsel argued that even if Plaintiffs' claims must be dismissed under Texas law, the putative class members may have claims that are not governed by Texas law. Indeed, the putative class members (if any) might have had promissory notes that contained different choice of law provisions, or did not disclose interest calculation methods (unlike the Promissory Note here) or some other different facts upon which relief could otherwise be granted.

However, named plaintiffs bringing actions on behalf of a purported class must be members of such class and must be able to allege that they, like the class members, have been personally injured. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982); *Schlesinger v. Reservists Committee To Stop The War*, 418 U.S. 208, 216 (1974); *Easter v. American West Financial*, 381 F.3d 948, 961 (9th Cir. 2004). It is not enough for the named plaintiffs to simply argue "that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lierboe*, 350 F.3d at 1022; *see also* Schwarzer, Tashima &Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 10:348, p. 10-57 (The Rutter Group 2007).

Where, as here, the named "representative" plaintiffs bringing the class action fail to state a claim, the action must be dismissed, and such dismissal is proper prior to any consideration of class certification. *Easter*, 381 F.3d at 961-62; *La Mar v. H&B Novelty & Loan Co.*, 489 F.2d

---

6 The law is the same in California. *See Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time."); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) (reciting California law); 1 Witkin, Summary of California Law, *Contracts* § 1013, p. 1102 (10th ed. 2005) (unjust enrichment is rooted in an implied contract theory).

461, 462-63, 465 (9th Cir. 1973). Simply put, if Plaintiffs do not have a claim, and therefore lack standing, they cannot seek relief on behalf of members of the putative class. *Id.*; *Lierboe*, 350 F.3d at 1022 ("[O]ur law makes clear that 'if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'").[7]

Accordingly, Plaintiffs' entire Complaint, including those claims alleged on behalf of the putative class, must be dismissed.

## VIII. CONCLUSION

For each of the foregoing reasons, PCF respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaint in its entirety.

Dated: November 27, 2007

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: s/Michael J. Holmes

MICHAEL J. HOLMES
Attorneys for Defendant
PRINCIPAL COMMERCIAL FUNDING, LLC

[7] If it were applicable to Plaintiffs' claims, California law is in accord. *See First American Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1573-74 (2007) (plaintiffs may bring § 17200 claims only if they are members of class injured by practice).