MARK J. HATTAM (BAR NO. 173667)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: mhattam@allenmatkins.com
        mholmes@allenmatkins.com

Attorneys for Defendant
PRINCIPAL COMMERCIAL FUNDING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16062 SOUTHWEST FREEWAY, LLC and GARY L. GREENBERG, On Behalf of All Others Similarly Situated, and on Behalf of the Class,<br><br>    Plaintiffs,<br><br>    v.<br><br>PRINCIPAL COMMERCIAL FUNDING, LLC, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 07 CV 1998 DMS (AJB)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRINCIPAL COMMERCIAL FUNDING, LLC'S MOTION TO DISMISS**<br><br>Date: January 11, 2008<br>Time: 1:30 p.m.<br><br>Judge: Dana M. Sabraw<br>Ctrm: 10 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

688210.01/SD

07 CV 1998

## I.   INTRODUCTION

In their opposition to Defendant Principal Commercial Funding, LLC's ("PCF") motion to dismiss, Plaintiffs 16062 Southwest Freeway, LLC ("Southwest Freeway") and Gary L. Greenberg ("Greenberg") (collectively, "Plaintiffs") concede that the 365/360 method of calculating interest was disclosed to them in the Promissory Note signed by Southwest Freeway.  They nevertheless argue that (1) California law governs the subject loan despite the parties' choice of law provisions, and (2) the 365/360 method of calculating interest, even if disclosed, violates sections 17200 and 17500 of the California Business and Professions Code.

However, as discussed below, Plaintiffs are wrong on both counts.  Texas law governs the parties' loan agreement and, in any event, California law also permits the 365/360 method of calculating interest in commercial loans to financially sophisticated borrowers like Southwest Freeway.  Further, California law, like Texas law, bars Plaintiffs' unjust enrichment claim.  Accordingly, PCF respectfully requests that its motion be granted, and Plaintiffs' action be dismissed in its entirety.

## II.   TEXAS LAW GOVERNS THE PARTIES' AGREEMENT

Plaintiffs concede that the parties' loan documents expressly provide that Texas law governs the parties' rights and obligations with regard to the subject loan, and that Texas law permits the calculation of interest using a 360-day year as provided in the parties' Promissory Note. Opp., pp. 7-8.  Plaintiffs further concede that Texas has a substantial relationship to the parties, and that the parties had a reasonable basis for choosing Texas law to govern their Promissory Note, Deed of Trust, and Guaranty.  Opp., p. 8.  Plaintiffs argue, however, that the Court should disregard the parties' choice of law because Texas law is contrary to a fundamental policy of California.  As discussed below, Plaintiffs fail to identify any such fundamental policy, and the parties' choice of law should be enforced.

### A.   No Fundamental California Policy Is At Issue

Plaintiffs have cited no authority supporting their contention that the law at issue in this case is based on a fundamental policy of California.  Plaintiffs' failure to cite any such authority is no mystery – there is no such fundamental California policy prohibiting commercial loans with

disclosed 360-day year interest calculations, nor is there a fundamental California policy exalting implied contracts for unjust enrichment over express terms in loan agreements. *See, e.g., South Bay Chevrolet v. General Motors Acceptance Corporation*, 72 Cal. App. 4th 861, 881 (1999) ("California has no law or regulation requiring a lender to use a 365-day year in computing interest on commercial loans, [and] use of the 365/360 method was not unlawful per se."). Indeed, as discussed more fully below and in PCF's moving papers, the folly of Plaintiffs' position is highlighted by the fact that California courts have issued decisions contrary to any such purported fundamental policies. *See South Bay Chevrolet*, 72 Cal. App. 4th at 870, 876-78, 881-82, 887-89 (interest calculation using 365/360 method agreed to in loan contract with financially sophisticated borrower does not violate sections 17200 and 17500 of California Business and Professions Code); *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 610, 613 (1975) (rejecting unjust enrichment claim based on implied contract theory because, "[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time.").

Unable to cite authority identifying such fundamental policies in California, Plaintiffs instead cite cases that opine generally on the importance of class actions, all of which simply confirm either that class actions may be maintained by consumers, and/or that certain adhesion contracts that purport to waive a consumer's right to maintain a class action are unenforceable. *See Vasquez v. Superior Court*, 4 Cal. 3d 800, 806, 815 (1971) (holding that consumers may maintain class action for fraud); *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 434, 445-46 (2000) (concluding that consumers may maintain class action even though each class member might only recover 80 cents); *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 153, 162-63 (2005) (holding that adhesion contract's waiver of class actions was crafted to defraud large number of consumers and is unenforceable); *Oestreicher v. Alienware Corp.*, 502 F. Supp. 2d 1061, 1066-1067 (N.D. Cal. 2007) (opining on California's "fundamental policy" against class action waiver provisions under certain circumstances); *Aral v. Earthlink, Inc.*, 134 Cal. App. 4th 544, 549, 555-557 (2005) (concluding that clause forbidding class actions in arbitration agreement is unconscionable). Not one of these cases hold that California has a fundamental policy against loan contracts that use the 365/360 method to calculate interest. Not one of these cases hold that

California has a fundamental policy of ignoring express contracts in favor of implied contracts for unjust enrichment. There simply are no such fundamental policies in California.

### B. Texas Law Is Not Contrary To Any Fundamental California Policy

Moreover, Texas law is not contrary to any fundamental California policy with regard to the issues in this case. In fact, as discussed more fully below, California law is in accord with Texas law. That is, the interest calculation method provided for in the Promissory Note would be lawful under either California or Texas law, and both jurisdictions would bar Plaintiffs' unjust enrichment claim.

### III. EVEN IF CALIFORNIA LAW GOVERNS, THE INTEREST CALCULATION METHOD PROVIDED FOR IN THE PROMISSORY NOTE IS LAWFUL UNDER CALIFORNIA LAW

Plaintiffs admit, as they must, that the 365/360 method was disclosed to them in the Promissory Note signed by Southwest Freeway. They nevertheless argue that this method of calculating interest, disclosed or not, violates sections 17200 and 17500 of the California Business and Professions Code. However, as discussed below, California law (even if it does govern the parties' Promissory Note) permits the 365/360 method in commercial loans to financially sophisticated borrowers like Southwest Freeway.

Plaintiffs cite *Chern v. Bank of America*, 15 Cal. 3d 866 (1976), and *Fletcher v. Security Pacific National Bank*, 23 Cal. 3d 442 (1979), for the proposition that computing interest quoted as a "per annum" rate on the basis of a 360-day year is misleading. However, those cases involved loans made to individual consumers, not financially sophisticated property investors/landlords as in this case. *Chern*, 15 Cal. 3d at 876; *Fletcher*, 23 Cal. 3d at 453-54.

In contrast, *South Bay Chevrolet*, 72 Cal. App. 4th at 869-70, cited in PCF's moving papers, is closely analogous to the case at bar. *South Bay Chevrolet* involved loans made to sophisticated automobile dealerships (rather than individual consumers or the general public), who knew of the lender's use of the 365/360 method. *Id.* at 870, 884. Like the case at bar, the agreement at issue in *South Bay Chevrolet* contained a "per annum" interest rate (one that floated in relation to a bank prime rate), which was effectively increased by using the 365/360 method.

*Id.* at 871-72. The plaintiff dealerships in *South Bay Chevrolet*, like Plaintiffs here, contended that although the lender quoted annual interest rates, it violated sections 17200 and 17500 by calculating interest under the 365/360 method and thereby charged "effective annual interest rates higher than its quoted rates." *Id.* at 875, 882.

The *South Bay Chevrolet* court rejected the plaintiffs' claims, concluding that the dealerships were aware from the beginning that the 365/360 method would be used despite the quoted annual rates, and that they were not protected by California's unfair business practices laws, which are designed to protect the general public.

> . . . South Bay knew and expected from the outset of its relationship with GMAC that such method would be used. Further, section 17200 is directed toward protecting the general public, not automotive dealerships aware of GMAC's use of the 365/360 method.

*Id.* at 870. The court distinguished *Chern* and *Fletcher* as inapposite because they involved "loans made to individual consumers, not to a financially sophisticated automotive dealership with knowledge of the lender's use of the 365/360 method in the parties' ongoing relationship." *Id.* at 883.

> . . . those cases [*Fletcher* and *Chern*] are factually distinguishable from this situation where borrower South Bay entered into the disputed loan agreements knowing, understanding, agreeing and expecting that GMAC would use the 365/360 method to calculate interest. Here GMAC's use of the 365/360 method was disclosed to South Bay and contractually authorized by South Bay. Under these circumstances, the trial court properly concluded GMAC's communications to South Bay about interest rates and charges did not constitute misleading advertising under section 17500.

*Id.* at 890.

At least one other recent California decision has recognized the distinction between the *South Bay Chevrolet* and the *Chern*/*Fletcher* holdings. In *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003), the court acknowledged that these cases, when read together, support viewing the alleged misleading statement from the "vantage point of members of the targeted group." *Id.* at 512.

> *South Bay* was a case involving loans made to "a financially sophisticated automotive dealership with knowledge of the lender's use of the 365/360 method in the parties' ongoing relationship." Because the practice was **directed to automobile dealerships and**

**not to the general public**, the court affirmed the trial court's use of a "reasonable dealership" standard, **distinguishing *Chern* as a case directed toward the consuming public**.

*Id.* (emphasis added). Thus, in California, use of the 365/360 method is lawful when fully disclosed in loans to financially sophisticated commercial borrowers, rather than as an attempt to defraud the general public.

Here, like the borrower in *South Bay Chevrolet*, Southwest Freeway is a financially sophisticated borrower, who borrowed $2,700,000 from PCF to refinance a medical office building located in Sugar Land, Texas. Complaint, ¶ 10. Plaintiffs knew and agreed from the outset that the loan would use the 365/360 method to calculate interest, which was expressly stated on the first page of the Promissory Note:

> A payment of interest from the Closing Date to and including March 31, 2007 shall be paid on the Closing Date calculated by **multiplying the actual number of days elapsed** in the period for which interest is being calculated by a daily rate based on the foregoing annual interest rate **and a 360-day year**. Thereafter, interest shall be computed on the unpaid balance by **multiplying the actual number of days elapsed** in the period for which interest is being calculated by a daily rate based on the annual interest rate set forth above **and a 360-day year**.

Lodg., Ex. "A," p. 1, ¶ 1 (emphasis added). Accordingly, the 365/360 method contained in the parties' Promissory Note is lawful under California law, since the borrower was financially sophisticated and agreed in advance to that interest calculation method.

## IV.  PLAINTIFFS' "UNJUST ENRICHMENT" CLAIM ALSO FAILS UNDER CALIFORNIA LAW

Plaintiffs do not discuss how their unjust enrichment claim would fare under California law. However, as discussed in PCF's moving papers, California law is again in accord with Texas law, and would bar this claim as well.

Under California contract law, implied contracts cannot co-exist with express contracts relating to the same subject matter. *Wal-Noon Corp.*, 45 Cal. App. 3d at 613; *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) (reciting California law).

> There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time. [Citations.] The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in

exchange for undertaking certain obligations, it would be inequitable to imply a different liability and to withdraw from one party benefits for which he has bargained and to which he is entitled.

*Wal-Noon*, 45 Cal. App. 3d at 613.

Plaintiffs allege in their Fifth Cause of Action that PCF should not be unjustly enriched, a claim rooted in an implied contract theory. *See* 1 Witkin, Summary of California Law, *Contracts* § 1013, p. 1102 (10th ed. 2005). Plaintiffs' unjust enrichment claim under California law, like Texas law, must be dismissed because any (unalleged) implied contract supporting a claim for unjust enrichment cannot co-exist with the Promissory Note. *See Wal-Noon*, 45 Cal. App. 3d at 610, 613 (holding that unjust enrichment claim cannot co-exist with express contract).

## V.   CONCLUSION

Based on the foregoing and PCF's moving papers, PCF respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaint in its entirety.

Dated: January 4, 2008

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP

By: s/Michael J. Holmes
MICHAEL J. HOLMES
Attorneys for Defendant
PRINCIPAL COMMERCIAL FUNDING, LLC

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    )
                       )  ss.:
COUNTY OF SAN DIEGO    )

The undersigned hereby certifies that a true and correct copy of the following documents has been duly served upon the following parties electronically through CM/ECF:

- **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRINCIPAL COMMERCIAL FUNDING, LLC'S MOTION TO DISMISS**

Harris I. Steinberg, Esq.                     Attorneys for Plaintiff
Craig A. Miller, Esq.
LEVINE, STEINBERG, MILLER & HUVER
550 West C Street, Suite 1810
San Diego, CA  92101-8596
Tel:  (619) 231-9449

Executed on January 4, 2008, at San Diego, California.


\_\_\_\_Michael J. Holmes\_\_\_\_            \_\_\_\_s/Michael J. Holmes\_\_\_\_
     (Type or print name)                         (Signature)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

688210.01/SD

07 CV 1998