# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| 16062 SOUTHWEST FREEWAY, LLC and GARY GREENBERG, on behalf of all others similarly situated, | CASE NO. 07-CV-1998-DMS (AJB) |
|---|---|
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| vs. | |
| PRINCIPAL COMMERCIAL FUNDING, LLC., | |
| Defendant. | |

Now before the Court is Defendant Principal Commercial Funding, LLC's motion to dismiss for failure to state a claim for relief. The Court found the motion suitable for decision without oral argument. Local Civil Rule. 7.1(d)(1). Having reviewed the arguments of counsel and the applicable principles of law, the Court grants the motion.

## Background

On March 7, 2007, Plaintiff 16062 Southwest Freeway, LLC, a California limited liability company, borrowed $2.7 million to refinance a medical office building in Sugar Land, Texas. Compl. ¶ 3, 10. Defendant required Plaintiff Gary L. Greenberg, a California resident, to sign a personal guaranty. *Id.* ¶ 4, 10. Plaintiffs allege in the Complaint that Defendant violated provisions of California's Business and Professions Code that prohibit unlawful, unfair, fraudulent, and deceptive business practices. Compl. ¶ 19-42 (first through fourth claims based upon Cal. Bus. & Prof. Code § 17200). The fifth claim alleges unjust enrichment. *Id.* ¶ 43-45. The Complaint also contains class action allegations. *Id.* ¶ 11-18.

Specifically, Plaintiffs allege that Defendant has been "utilizing a method of interest calculation that systematically and deliberately charges its borrowers interest over the course of a calendar year in excess of stated annual and per annum rates." *Id.* ¶ 9. Defendant "computes yearly interest rates by dividing the quoted annual interest rate by 360 and multiplying the result by 365." *Id.* Plaintiffs allege that this 365/360 method "mislead[s] its borrowers by representing that its loans would fully amortize over a set period of years when, in fact, a substantial balance would still be owed after the amortized period which defendant[] did not disclose." *Id.* In particular, Plaintiffs' loan was for a ten-year term, amortized over thirty years, at an annual interest rate of six percent. *Id.* ¶ 10. Under the 365/360 method, at the end of the term, Plaintiffs will owe a lump sum of $142,000 – a calculation that exceeds the quoted six percent interest rate. *Id.*

<u>Standard</u>

Because this is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the allegations as true and construes the facts in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). The Complaint alleges unfair business practice claims pertaining to a commercial real estate loan. The underlying loan documents are referred to generally in the Complaint. *E.g.*, Compl. ¶ 10. Defendant lodged copies of the Secured Promissory Note, Deed of Trust, and Guaranty documents with its motion and Plaintiffs have not challenged their authencity. The documents form the basis of Plaintiffs' claims that Defendant uses an improper and misleading method to calculate interest on the loan. In these circumstances, the Court can consider the underlying documents to decide the Rule 12(b)(6) motion. *Stac Elecs.* 89 F.3d at 1405 n.4 (proper to consider prospectus though not mentioned in complaint to determine if defendants made proper disclosures under securities laws). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (to survive motion to dismiss, plaintiff must include "enough facts to state a claim to relief that is plausible on its face.").

Discussion

I. First through Fourth Causes of Action

Plaintiffs plead four claims based upon California's unfair business practices statute alleging fraudulent representations and deceptive practices concerning the 365/360 method of interest calculation that leaves a substantial balance at the end of the loan. Cal. Bus. & Prof. Code § 17200.

The Court holds that these claims fail as a matter of law. As Defendant points out, quotations from the loan documents show that the terms are disclosed and explained in the loan documents. In describing the first payment, the promissory note states that the interest will be "calculated by multiplying the <u>actual number of days elapsed</u> in the period for which interest being calculated by a daily rate based on the forgoing annual interest rate and <u>a 360-day year</u>." Def.'s Ex. 1 at 1 ¶ 1(emphasis added). The promissory note states that all further payments will be made by that same method of calculation: "Thereafter, interest shall be computed on the unpaid balance by multiplying the <u>actual number of days elapsed</u> in the period for which interest is being calculated by a daily rate based on the annual interest rate set forth above and <u>a 360-day year</u>." *Id.* (emphasis added). The note further specifies the amount of each monthly installment payment, $16,187.86, and states that "all remaining principal, interest to and including the date of payment and other Indebtedness shall be due and payable on April 1, 2017." *Id.* It describes further restrictions on the borrower's ability to prepay all or any portion of the loan. *Id.* at 1 ¶ 2, 2 at ¶ 3. Thus, the loan document expressly discloses that interest will be calculated under the 365/360 method, which contradicts Plaintiffs' conclusory allegation that they were deceived or mislead about the use of a 360-day year to calculate interest. While the interest rate is set at six percent "per annum," the next paragraph explains that interest on each monthly payment "is being calculated by a daily rate based on the annual interest rate set forth above and a 360-day year." *Id.* at 1 ¶ 1. Further, the loan documents do not affirmatively state that the loan will be fully amortized in ten years; rather, it refers to "all remaining principal, interest . . . and other Indebtedness" that will be due at the time of the final payment. Def.'s Ex. 1 at 1.

1 Plaintiffs oppose the motion and argue the Complaint is based upon the non-disclosure 2 of the <u>correct</u> interest rate because the loan documents quote a precise "per annum" rate of six 3 percent. *Chern v. Bank of America*, 15 Cal. 3d 866 (1976). This argument fails because the 4 promissory note expressly defines the six percent annual interest rate as based upon the actual 5 days elapsed and <u>a 360-day year</u>. *Cf. id.* at 876 (quoting a "per annum" rate leads consumers 6 to believe annual rate is based on a common calendar year of 365 days).

7 The Court further agrees with Defendant's argument that the four unfair business 8 practices claims fail because California law does not apply to Plaintiffs' loan. All three loan 9 documents dictate that the law of the State where the building is located will apply, or here, 10 Texas. *Id.* at 4 ¶ 8 ("This Note shall be governed by and construed in accordance with the laws 11 of the state where the Premises is [sic] located, without regard to its conflict of laws 12 principles."); Def.'s Ex. 2 at 32 ¶ 22.10 ("This Deed of Trust shall be governed by, and 13 construed in accordance with, the laws of the state where the Premises are located, without 14 regard to its conflicts of law principles."); Def.'s Ex. 3 at ¶ 10 ("This Guaranty and the rights 15 and obligations of the Lender and of Guarantor hereunder shall be governed and construed in 16 accordance with the laws of the state where the Premises is [sic] located, without regard to its 17 conflicts of law principles."). By the express terms, Texas law applies to this real estate loan.

18 Plaintiffs argue that Texas law clashes with fundamental public policies of California 19 and that the mere fortuity of the location of the premises should not permit Defendant to 20 engage in misleading business practices. Pls.'s Opp. Br. at 7. This argument fails for two 21 reasons. First, California law permits a commercial lender to calculate interest based upon the 22 360-day year in certain circumstances, including when the method is disclosed to a business 23 entity (as opposed to the general public) at the outset. *South Bay Chevrolet v. General Motors* 24 *Acceptance Corp.*, 72 Cal. App. 4th 861, 870, 878-89 (1999). Here, the promissory note 25 expressly states that a 360-day year will be used, thus, the method is disclosed.

26 Second, the Court discerns no basis to upset the choice of law provision when the real 27 estate is located in Texas, as that provides a substantial relationship to the transaction and a 28 reasonable basis for choosing that State's law to govern the loan. *Sarlot-Kantarjian v. First*

*Penn. Mortgage Trust*, 599 F.2d 915 (9th Cir. 1979) (loan agreement's choice of Massachusetts law was valid and binding, even though Massachusetts' interest rate was higher than that allowed under California law, because contract was formed and performed in Massachusetts); *see Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464 & n.1 (1992) (there is no public policy reason to decline to enforce a choice of law provision in a contract entered into freely and voluntarily by parties who negotiated at arm's length; choice of law provisions are usually respected by California courts and the Ninth Circuit). Plaintiffs argue that Texas law conflicts with a "fundamental policy" of California law and California has a materially greater interest in determining the particular issue. *Id.* at 466. Here, there is no fundamental conflict since California permits lenders to use a 360-day year to calculate a loan to a knowledgeable business entity. *South Bay*, 72 Cal. App. 4th at 870.

II. Fifth Cause of Action

The Court agrees with Defendant's argument that the unjust enrichment claim in equity fails as a matter of law (under both Texas and California law) because the written contract governs the terms of the loan. *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App. 1988); *accord Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975).

Because each of Plaintiffs' causes of action fail to state a claim for relief, the class allegations are moot.

### Conclusion

For the reasons stated above, the Court grants Defendant's motion to dismiss. The Clerk shall close this civil action. The dismissal is without prejudice, and Plaintiffs may file an amended complaint on or before February 29, 2008.

**IT IS SO ORDERED.**

DATED: February 5, 2008

_____
HON. DANA M. SABRAW
United States District Judge